Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 2773 | **DATE** | June 24, 2013 |
| **CASE TITLE** | Travis Smith (R-22740) vs. Cook County Jail | | |

**DOCKET ENTRY TEXT**

The Court grants Plaintiff's motion for leave to file *in forma pauperis* [4] and assesses an initial partial filing fee of $5.25. Trust account officers at Plaintiff's place of confinement are authorized to make deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund office at Dixon Correctional Center. Plaintiff's complaint is dismissed without prejudice to his submission of an amended complaint within 30 days of the date of this order. His failure to comply will result in the summary dismissal of this case. His motion for attorney representation [5] is denied without prejudice.

■ [ For further details see text below.]              Docketing to mail notices.

## STATEMENT

     Plaintiff, Travis Smith, an inmate at Dixon Correctional Center, bring this 42 U.S.C. § 1983 civil rights action naming Cook County Jail as Defendant. Plaintiff states that jail officers beat him on June 16, 2012, when he asked for his food tray. Plaintiff, however, neither names the officers nor a supervisory official at the jail in order to conduct discovery to identify them.

     The Court grants Plaintiff's motion to proceed *in forma pauperis* and assesses an initial filing fee of $5.25. The inmate trust accounts officer at Plaintiff's place of confinement is authorized to deduct this amount from Plaintiff's trust fund account, when funds are available, and forward it to the clerk of court. Thereafter, the trust fund officer shall make monthly deductions from Plaintiff's trust fund account equal to 20% of the preceding month's income credited to the account. Monthly deductions shall be forwarded as payments to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the number of this case. Plaintiff shall remain responsible for the filing fee obligation, which shall follow him in the even he is transferred.

     Although Plaintiff may proceed *in forma pauperis* and must pay the filing fee for bringing this action, his complaint names neither the officer(s) who allegedly beat him nor a supervisory official to identify them. The Cook County Jail, the only listed Defendant, is not a suable entity and cannot be named as Defendant. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Plaintiff may refer to the officers as John or Jane Doe if their names are unknown and name a supervisory official, such as Cook County Sheriff Tom Dart, to assist with identifying the officers. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996).

     Accordingly, the complaint is dismissed. The dismissal is without prejudice to the submission of an amended complaint that identifies at least one suable party as Defendant. Plaintiff is advised that an amended complaint replaces a prior complaint and must stand complete on its own. The Court will look only to the amended complaint

| STATEMENT |
|---|
| to determine the claims and parties of this suit. Also, Plaintiff must submit a service copy for each named Defendant and a judge's copy. Plaintiff is given 30 days to comply with this order. If the Court receives no pleadings from Plaintiff within that time, the Court will summarily dismiss this case.<br><br>    Plaintiff's motion for the appointment of counsel is denied without prejudice. Currently, neither the issues nor the discovery of this case are complex, and Plaintiff appears to be competent to represent himself at this stage of the proceedings. Counsel is not warranted at this time. *See Pruitt v. Mote*, 503 F.3d 647, 655-57 (7th Cir. 2007). |